OPINION *Page 2 
{¶ 1} Appellant, Cornelius L. Skinner, appeals from his conviction and sentence on multiple drug charges in the Licking County Common Pleas Court.
 {¶ 2} On July 22, 2006 at approximately 2:00 a.m., Officer Green and Sgt. McKee of the Newark Police Department were working together in a marked cruiser. T. at 109-110. Officer Green witnessed a van traveling northbound on Buena Vista in Newark, Ohio. T. at 109. He saw the van go through a red light at Buena Vista and Everett. Id. Officer Green initiated a traffic stop. T. at 110. The driver of the van pulled the vehicle over in the area of 122 Buena Vista. Id.
 {¶ 3} Officer Green saw the driver watching him as he approached the vehicle. T. at 113. Officer Green also observed the passenger "making excessive movements" inside the vehicle. Id. Sgt. McKee observed the passenger breathing heavily. T. at 163. Officer Green informed the driver he had pulled him over for a "red violation." T. at 115. Immediately, Officer Green and Sgt. McKee smelled burnt marijuana. T. at 116, 165. Officer Green recognized the smell as burnt marijuana from training and experience. T. at 116. Officer Green requested the identification of the driver and the passenger. T. at117. Officer Green discovered the driver was Rodney Conner and the passenger was Cornelius Skinner, appellant.
 {¶ 4} Officer Green asked if there were "knives, guns, needles or drugs in the vehicle." T. at 117. When Officer Green asked this question, Mr. Conner looked at appellant. Id. Officer Green asked to search the vehicle. T. at 118. Mr. Conner refused. Based on Officer Green's observation of the smell of burnt marijuana and Sgt. McKee's confirmation, Sgt. McKee believed he had probable cause to search the *Page 3 
vehicle based on the plain smell doctrine. T. at 166. Officer Green asked Mr. Conner and appellant to exit the vehicle. T. at 119.
 {¶ 5} Officer Green patted down appellant for officer safety reasons and felt "a large wad" of money. T. at 121. Officer Green noted appellant's person smelled of burnt marijuana. T. at 122.
 {¶ 6} Sgt. McKee searched the vehicle. T. at 166. On the driver's side near the pedals, Sgt. McKee observed three to five rocks of crack cocaine. T. at 166-167. Sgt. McKee field tested the rocks and the result was positive for crack cocaine. T. at 167. Sgt. McKee found several plastic bags stuffed underneath the rear of the driver's seat near the passenger side. T. at 168. He pulled out the plastic bags and discovered a large baggy of crack cocaine. T. at 169. The angle of the bags indicated they were stuffed underneath the driver's seat from the passenger seat. T. at 169-173.
 {¶ 7} Officer Green searched the appellant incident to arrest and found a baggy of marijuana in his pants pocket, approximately $800.00 and a knife with white residue which he believed to be crack cocaine. T. at 129. Officer Green read appellant his Miranda rights and placed him in the back of a cruiser. T. at 149. Officer Green asked appellant about the drugs and appellant refused to answer. T. at 134-135.
 {¶ 8} Officer Conley transported appellant to jail. T at 238. Appellant read the charges over the officer's shoulder and stated, "So, you're going to charge me with my crack and the marijuana?" T. at 239.
 {¶ 9} The Licking County Grand Jury indicted appellant on one count of possession of crack cocaine in violation of R.C. 2925.11, a felony of the first degree. Appellant was also charged with possession of drug paraphernalia in violation of R.C. *Page 4 2925.14, a fourth degree misdemeanor and possession of marijuana, a minor misdemeanor.
 {¶ 10} Prior to the start of trial, appellant's trial counsel filed a motion in limine with respect to certain statement made by Sgt. McKee in the police report, which the trial court denied.
 {¶ 11} The case was tried to a jury. The jury heard the testimony of the officers as well as the testimony of Mr. Conner. Mr. Conner testified that the drugs by the driver's pedal were his, but the drugs behind the driver's seat were appellant's. T. at 201. The jury found appellant guilty on all of the charges. The trial court sentenced appellant to seven years in prison.
 {¶ 12} Appellant raises three Assignments of Error:
 {¶ 13} "I. DID THE TRIAL COURT ERR WHEN IT OVERRULED THE APPELLANT'S MOTION IN LIMINE WITH RESPECT TO STATEMENTS MADE BY POLICE OFFICERS?"
 {¶ 14} "II. WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL?"
 {¶ 15} "III. DID THE CUMULATIVE EFFECT OF THE ERRORS DURING TRIAL DEPRIVE MR. SKINNER OF HIS RIGHT TO A FAIR TRIAL?"
 I. {¶ 16} In his first assignment of error, appellant argues the trial court committed error in denying his motion in limine regarding Sgt. McKee's statements in his report.
 {¶ 17} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of *Page 5 
the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} Evidence Rule 403(A) provides that the exclusion of evidence is mandatory when the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, confusion or misleading the jury. In the case sub judice, appellant argues that statements made by Sgt. McKee in his report regarding the use of a peach box and hollowed out cigar to hide marijuana by drug dealers was prejudicial. Appellant also objects to Sgt. McKee's statement regarding the passenger seat being in a recline position and that this position would make it easy to place the plastic bags under the driver's seat.
 {¶ 19} The trial court overruled the motion. The trial court stated:
 {¶ 20} "I think it goes to explaining the smell of marijuana, at least that's how I would take it, and he's not charged with being a drug abuser I don't think. And on that basis I'll deny it. I think that — again, as long as he can say that it's his experience that that's what that is, I'll allow him to explain what he's found and — whatever other, you know, testimony comes out about it either way."
 {¶ 21} "But again, I'm inclined to let him tell us what he sees, and if that — what he sees, you know, means anything to him, he can tell us that I think. Whether or not it means anything here, I'm not sure." *Page 6 
 {¶ 22} "But again, I think that if the basis is the smell, and that meant something to him, I think he can explain that to us also. On that basis, I'd overrule your objection to those parts of his statements." T. at 84-85.
 {¶ 23} Upon review of the record, we find this claimed error to be without merit. A motion in limine functions as a precautionary instruction "to avoid error, prejudice, and possibly a mistrial by prohibiting opposing counsel from raising or making reference to an evidentiary issue until the trial court is better able to rule upon its admissibility * * * once a trial has commenced". State v. Grubb (1986),28 Ohio St.3d 199, 201, 503 N.E.2d 142.
 {¶ 24} A review of the trial transcript reveals the report of Sgt. McKee was not offered as evidence or used in any manner at trial. Sgt. McKee did testify at trial, over objection, that tobacco was found in a bag near the passenger's seat. T. at 174-175. He further testified that in his experience people will empty tobacco from a cigar wrapper and replace it with marijuana and will leave the tobacco contents "in something like a bag on the floor board". T. at 176. Sgt. McKee referred to the street name of the cigar with marijuana replaced in it as a "blunt". T. at 177. He did not testify as to a peach box or the ease of the passenger to place material under the driver's seat due to reclining position of the passenger seat. Therefore, most of the evidentiary issues raised by appellant's motion in limine were not raised at trial and were rendered moot.
 {¶ 25} Likewise, appellant has not appealed the trial court's decision overruling appellant's objection to Sgt. McKee's limited testimony regarding a "blunt". We need not address this issue as the trial court's motion in limine ruling was merely interlocutory and appellant does not claim on appeal that the evidentiary ruling at trial was in error. *Page 7 
 {¶ 26} Appellant's first assignment of error is overruled.
 II. {¶ 27} In appellant's second assignment of error, he argues he was denied effective assistance of counsel.
 {¶ 28} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 29} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267.
 {¶ 30} Here, appellant claims his counsel was ineffective for four reasons: 1) counsel failed to object to the State's use of leading questions on direct examination of *Page 8 
a police officer; 2) counsel failed to object to hearsay statements; 3) counsel's statements in closing argument were prejudicial to appellant; and 4) counsel did not include in a Rule 29 motion for acquittal that the State failed to prove venue.
 {¶ 31} Appellant argues his counsel failed to object to the State's use of leading questions on direct examination of one police officer. Evid.R. 611 provides "[l]eading questions could not be used on the direct examination of a witness except as may be necessary to develop his testimony."
 {¶ 32} Appellant contends his counsel should have objected when the State asked Officer Green, the State's first witness, a few leading questions at certain points during direct examination. The Ohio Supreme Court has held that the failure to object to leading questions does not usually constitute ineffective assistance of counsel. State v.Jackson, 92 Ohio St.3d 436, 449, 2001-Ohio-1266, 751 N.E.2d 946. The failure to object is not a per se indicator of ineffective assistance of counsel, because sound trial strategy might well have been not to interrupt. State v. Gumm (1995), 73 Ohio St.3d 413, 428,653 N.E. 2d 253. The questions, though leading, were mainly used to develop the officer's testimony; or were inconsequential and trial counsel might well have not wanted to interrupt the proceedings at the very outset.
 {¶ 33} Appellant also argues his trial counsel was ineffective for failing to object to hearsay. Evid.R. 801(C) defines hearsay as "a statement . . . offered in evidence to prove the truth of the matter asserted."
 {¶ 34} Appellant first objects to a question Officer Green asks the driver. This is not hearsay since the officer is testifying as to what he himself said. The next objection is the driver's physical response to that question; looking away from the officer towards *Page 9 
the passenger. The physical response is not hearsay and would not be objected to as such. Appellant next objects to the statements regarding the ownership of the van. The officer asked to search the van and the driver replied it was not his van. This statement is not offered for the truth of the matter asserted. It is offered as the driver's refusal to let the officer search the vehicle. This Court does not find any of these examples to be hearsay; therefore, a failure to object could not be ineffective assistance of counsel.
 {¶ 35} Next, he submits his trial counsel was ineffective for certain comments made by counsel during closing argument. Appellant argues the statement regarding people asking how he [counsel] defends people he knows are guilty is a tactical one. T. at 260-261. Appellant's trial counsel was not implying appellant's guilt. This falls within a tactical decision under the Sallie analysis and we will not second-guess trial counsel's strategy.
 {¶ 36} Finally, he maintains his counsel was ineffective for failing to make a Criminal Rule 29 motion on the State's failure to prove venue. There is discussion on the record regarding the issue of venue and appellant's defense counsel argued that the State failed to prove venue. T. at 248. It is true trial counsel did not include this in either of his Crim. R. 29 arguments. While this may be objectionable to the appellant, it is not prejudicial nor would it change the outcome of the trial had he argued this issue. The trial court addressed the venue issue and correctly cited case law for the proposition that the State does not need to prove venue in express terms as long as it is established by the facts and circumstances of the case. State v.Mason (July 5, 2001), Cuyahoga App. No. 78606. T. at 248, 251. *Page 10 
 {¶ 37} Our review of the record convinces us that the State's evidence, which consisted of the testimony of the Newark police officers and the street location of the traffic stop, shows that reasonable minds could have found the evidence was sufficient to establish venue
 {¶ 38} Appellant's second assignment of error is overruled.
 III. {¶ 39} In his third assignment of error, appellant argues that the cumulative effect of errors denied him a fair trial.
 {¶ 40} Under the doctrine of cumulative error, "a conviction will be reversed where the cumulative effect of the errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal. State v. Garner (1995), 74 Ohio St.3d 49,64, 656 N.E. 2d 623. The doctrine of cumulative error is inapplicable where there are not multiple instances of harmless error. Id. Further, "[e]rror in the admission of evidence is harmless if `there is no reasonable possibility that the evidence may have contributed to the accused's conviction, and * * * in such cases there must be overwhelming evidence of the accused's guilt or some other indicia that the error did not contribute to the conviction. State v. Echols (1998),128 Ohio App.3d 677, 716 N.E.2d 728, quoting, State v. DeMarco (1987),31 Ohio St.3d 191, 509 N.E.2d 1256.
 {¶ 41} Having found no prejudicial error in appellant's first two assignments of error, we cannot find cumulative error.
 {¶ 42} Accordingly, appellant's third assignment of error is overruled. *Page 11 
 {¶ 43} The judgment the Licking County Court of Common Pleas is affirmed.
Delaney, J. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1